| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Michael Gray Vinson, Jr.** |
| | First Name  Middle Name  Last Name |
| Debtor 2 | **Rhonda Faye Vinson** |
| (Spouse, if filing) | First Name  Middle Name  Last Name |
| Case number | |
| (If known) | |

☐ Check if this is an amended plan.

# Chapter 13 Plan and Motion

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices.** Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.

    (a) This plan:  ☑ contains nonstandard provisions. See paragraph 15 below.
      ☐ does not contain nonstandard provisions.

    (b) This plan:  ☐ values the claim(s) that secures collateral. See paragraph 4(f) below.
      ☑ does not value claim(s) that secures collateral.

    (c) This plan:  ☐ seeks to avoid a lien or security interest. See paragraph 8 below.
      ☑ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

    (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $**956.00** for the applicable commitment period of:

      ☐ 60 months: **or**

      ☑ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

      (If applicable include the following: These plan payments will change to $_____ monthly on _____.)

    (b) The payments under paragraph 2(a) shall be paid:

      ☐ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

        ☐ Debtor 1 ____%  ☐ Debtor 2 ____%

      ☑ Direct to the Trustee for the following reason(s):
        ☐ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
        ☑ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):
        **The debtor would like to maintain privacy with her employer.**

    (c) Additional Payments of $**0.00** (estimated amount) will be made on ___,__ (anticipated date) from (source, including income tax refunds).

3. **Long-Term Debt Payments.**

    (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal,

GASB - Form 113 December 1, 2017

| Debtor | Michael Gray Vinson, Jr.<br>Rhonda Faye Vinson | | Case number | 23-50594 |

interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| **Shellpoint Mortgage Servicing** | **FHA Real Estate Mortgage** | **Yes** | **Debtor** | **December, 2023** | **$805.00** |

(b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|
| **-NONE-** | | | | |

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

   (a) **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

   (b) **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $**3,950.00**.

   (c) **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d) **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **-NONE-** | | | | |

   (e) **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **John Deere Financial** | **Lawn mower** | 2,500.00 | 7.00% | $50.00 |
| **Pentagon FCU** | **2019 Dodge Caravan** | 14,486.00 | 7.00% | $287.00 |
| **Wells Fargo Dealer Services** | **2022 Nissan Sentra** | 22,571.00 | 7.00% | $447.00 |

   (f) **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **-NONE-** | | | | |

   (g) **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%

   ☐ with interest at _____% per annum; **or** ☐ without interest:

   **None**

| | | | |
|---|---|---|---|
| Debtor | **Michael Gray Vinson, Jr.**<br>**Rhonda Faye Vinson** | Case number | 23-50594 |

(h)` **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **0.00**% dividend or a pro rata share of $**0.00**, whichever is greater.

5. **Executory Contracts.**
   (a) **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
|---|---|---|---|---|
| AC Storage | storage for household items | Assumed | $50.00 | Debtors |

   (b) **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| -NONE- | |

6. **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; **or** ☑ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| John Deere Financial | 25.00 |
| Pentagon FCU | 144.00 |
| Wells Fargo Dealer Services | 227.00 |

7. **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
| -NONE- | |

8. **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| -NONE- | | |

9. **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| Performance Finance | 2016 Harley Davidson | 3,500.00 |

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure objections to claims may be filed before or after confirmation.

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant

| Debtor | **Michael Gray Vinson, Jr.** | Case number | 23-50594 |
|---|---|---|---|
| | **Rhonda Faye Vinson** | | |

to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14. **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15. **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

    ALL FUTURE SECURED CLAIMS WILL BE TREATED WITH A 7% INTEREST RATE.

**By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.**

Dated: **November 17, 2023**

**/s/ Michael Gray Vinson, Jr.**
**Michael Gray Vinson, Jr.**
*Debtor 1*

**/s/ Rhonda Faye Vinson**
**Rhonda Faye Vinson**
*Debtor 2*

**/s/ Willis H. Blacknall, III**
**Willis H. Blacknall, III 060775**
*Attorney for the Debtor(s)*

# CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the Chapter 13 Plan by First Class Mail placing the same in the United States Mail with proper postage affixed thereon to the following addresses:

**(See attached Matrix)**

      I hereby certify that I have served a copy of the Chapter 13 Plan on the following corporations addresses to an Agent of Officer by First Class Mail with proper postage affixed thereon to the following address:

      I hereby certify that the following insured depository institutions were served by Certified Mail addresses to the office of the institution:

**Pentagon Federal Credit Union**
**2930 Eisenhower Avenue**
**Alexandria, VA 22314**

I hereby certify that the following parties and counsel were served electronically through the Notice of Electronic Filing (NEF) at the following address:

**Chapter 13 Trustee, Elaina Massey, via CM/ECF**

This 17th day of November, 2023.

                                          /s/Willis H. Blacknall, III
                                          Debtor's Attorney

| | | |
|---|---|---|
| MICHAEL GRAY VINSON, JR.<br>RHONDA FAYE VINSON<br>804 KNOX ST.<br>NAHUNTA GA 31553 | CF MEDICAL GROUP LLC<br>4730 SOUTH FORT APACHE ROAD<br>SUITE 300<br>LAS VEGAS NV 89147 | COMENITY/MPRC<br>ATTN: BANKRUPTCY<br>PO BOX 182125<br>COLUMBUS OH 43218 |
| WILLIS H. BLACKNALL, III<br>WILLIS H. BLACKNALL III, P.C.<br>305 ALBANY AVENUE<br>P.O. BOX 177<br>WAYCROSS, GA 31502-0177 | CHASE CARD SERVICES<br>ATTN: BANKRUPTCY<br>P.O. 15298<br>WILMINGTON DE 19850 | COMENITYCAPITAL/ LENDING CL<br>ATTN: BANKRUPTCY<br>P.O. BOX 182125<br>COLUMBUS OH 43218 |
| AC STORAGE<br>7671 CANEY BAY ROAD<br>NAHUNTA GA 31553 | CITIBANK<br>CITICORP CR SRVS/ BANKRUPTCY<br>PO BOX 790040<br>ST LOUIS MO 63179 | CREDIT BUREAU ASSOC<br>321 MAIN STREET<br>TIFTON GA 31794 |
| ASSETCARE LLC<br>DEPT 0540<br>PO BOX 120540<br>DALLAS TX 75312 | CITIBANK/THE HOME DEPOT<br>CITICORP CR SRVS/ BANKRUPTCY<br>PO BOX 790040<br>ST LOUIS MO 63179 | CREDITORS BUREAU ASSOCIAT<br>ATTN: BANKRUPTCY<br>112 WARD ST<br>MACON GA 31204 |
| AUTOMOBILE ACCEPTANCE<br>ATTN: BANKRUPTCY<br>1669 PHOENIX PKWY, STE 110<br>COLLEGE PARK GA 30349 | COMENITY BANK/BEALLSOL<br>ATTN: BANKRUPTCY<br>PO BOX 182125<br>COLUMBUS OH 43218 | DELL FINANCIAL SERVICES<br>ATTN: BANKRUPTCY<br>P.O. BOX 81577<br>AUSTIN TX 78708 |
| AVANT LLC<br>ATTN: BANKRUPTCY<br>PO BOX 9183380<br>CHICAGO IL 60691 | COMENITY BANK/LANE BRYANT<br>ATTN: BANKRUPTCY<br>PO BOX 18215<br>COLUMBUS OH 43218 | DEPT OF EDUCATION/NELN<br>PO BOX 82561<br>LINCOLN NE 68501 |
| BRANTLEY COUNTY BOARD OF<br>COMMISSIONERS<br>33 ALLEN ROAD<br>NAHUNTA GA 31553 | COMENITY BANK/MAURICES<br>ATTN: BANKRUPTCY<br>PO BOX 182125<br>COLUMBUS OH 43218 | EXCELSIOR UNIVERSITY<br>7 COLUMBIA CIRCLE<br>ALBANY NY 12203 |
| CAPITAL ONE<br>ATTN: BANKRUPTCY<br>PO BOX 30285<br>SALT LAKE CITY UT 84130 | COMENITY BANK/OVERSTOCK<br>ATTN: BANKRUPTCY<br>PO BOX 18215<br>COLUMBUS OH 43218 | FIRST NATIONAL COLLECTION B<br>PO BOX 1259<br>SEPT# 116065<br>OAKS PA 19456 |
| CAPITAL ONE AUTO FINANCE<br>ATTN: BANKRUPTCY<br>7933 PRESTON RD<br>PLANO TX 75024 | COMENITY BANK/PIER 1<br>ATTN: BANKRUPTCY<br>PO BOX 182125<br>COLUMBUS OH 43218 | GOLDMAN SACHS BANK USA<br>ATTN: BANKRUPTCY<br>PO BOX 70379<br>PHILADELPHIA PA 19176 |

GREAT LAKES
ATTN: BANKRUPTCY
PO BOX 7860
MADISON WI 53704

MEDICREDIT
PO BOX 505600
SAINT LOUIS MO 63150

RGL ASSOCIATES
3536 DARIEN HIGHWAY
BRUNSWICK GA 31521

HEALTHCARE REVENUE
RECOVERY GROUP
PO BOX 459080
FORT LAUDERDALE FL 33345

MEMORIAL SATILLA HEALTH
1900 TEBEAU ST.
WAYCROSS GA 31501

SANTANDER CONSUMER USA, I
ATTN: BANKRUPTCY
PO BOX 961245
FORT WORTH TX 76161

HOMEBRIDGE FINANCIAL I
222 CHASTAIN MEADOWS COURT
KENNESAW GA 30144

MERCURY/FBT
ATTN: BANKRUPTCY
PO BOX 84064
COLUMBUS GA 31908

SGMP SOUTHLAND
2209 PINEVIEW DR.
VALDOSTA GA 31602

HRRG
PO BOX 459080
FORT LAUDERDALE FL 33345

MOHELA
ATTN: BANKRUPTCY
633 SPIRIT DRIVE
CHESTERFIELD MO 63005

SHELLPOINT MORTGAGE SERVIC
ATTN: BANKRUPTCY
PO BOX 10826
GREENVILLE SC 29603

JOHN DEERE FINANCIAL
PO BOX 4450
CAROL STREAM IL 60197

MORI BEAN & BROOKS
PO BOX 932215
ATLANTA GA 31193

ST. SIMONS BY THE SEA
2927 DEMERE RD.
SAINT SIMONS ISLAND GA 31522

LENDMARK FINANCIAL SERVICES
ATTN: BANKRUPTCY
1735 NORTH BROWN RD, STE 300
LAWRENCEVILLE OH 30043

PENTAGON FCU
ATTN: BANKRUPTCY
PO BOX 1432
ALEXANDRIA VA 22313

SYNCHRONY BANK
ATTN: BANKRUPTCY
PO BOX 965060
ORLANDO FL 32896

LINCOLN AUTOMOTIVE FIN
ATTN: BANKRUPTCY
PO BOX 54200
OMAHA NE 68154

PENTAGON FEDERAL CREDIT UNION
ATTN: BANKRUPTCY
P.O. BOX 1432
ALEXANDRIA VA 22313

SYNCHRONY BANK/CARE CREDI
ATTN: BANKRUPTCY
PO BOX 965060
ORLANDO FL 32896

MACMED LLC
2927 DEMERE RD
SAINT SIMONS ISLAND GA 31522

PENTAGON FEDERAL CREDIT UNION
2930 EISENHOWER AVENUE
ALEXANDRIA VA 22314

SYNCHRONY BANK/SAMS CLUB
ATTN: BANKRUPTCY
PO BOX 965060
ORLANDO FL 32896

MCKNNA AUT
115 MCKINNA PL
BRUNSWICK GA 31520

PERFORMANCE FINANCE
1515 W 22ND STREET
OAK BROOK IL 60523

SYNCHRONY BANK/TJX
ATTN: BANKRUPTCY DEPT
PO BOX 965060
ORLANDO FL 32896

SYNCHRONY/MUSIC
ATTN: BANKRUPTCY
PO BOX 965060
ORLANDO FL 32896


UPTAIN GROUP
150 WEST PARK LOOP NW
HUNTSVILLE AL 35806


US BANK/RMS
ATTN: BANKRUPTCY
PO BOX 5229
CINCINNATI OH 45201


WAYNE MEMORIAL HOSPITAL
865 S. FIRST STREET
JESUP GA


WELLS FARGO DEALER SERVICES
ATTN: BANKRUPTCY
1100 CORPORATE CENTER DRIVE
RALEIGH NC 27607